1  Stanley Goff, Bar No. 289564
2  Boardman Place Suite 2
   San Francisco, CA 94103
3  Telephone: (415) 571-9570
   Email: scraiggoff@aol.com
4
5  Attorney for Plaintiff Melinda Beech

6              UNITED STATES DISTRICT COURT
7          FOR THE EASTERN DISTRICT OF CALIFORNIA
8

9  MELINDA BEECH,                          Case No.:  2:15-cv-00268-TLN-CKD

10            Plaintiff,                    AMENDED COMPLAINT FOR DAMAGES
                                            EXCESSIVE FORCE, DUE PROCESS
11 vs.                                      VIOLATION FOR LACK OF MEDICAL CARE
                                            [42 U.S.C. § 1983]
12
   CITY OF STOCKTON POLICE OFFICERS KIRSTEN
13 MCCLURE, JOSHUA DEJONG AND
   CHRISTOPHER PULLIAM, SAN JOAQUIN
14 COUNTY; AND DOES 1 THROUGH 50
15
16            Defendants.
17
18
19
20
21
22
23            **DEMAND FOR JURY TRIAL**
24
25
26
27
28

AMENDED COMPLAINT FOR DAMAGES- 1

**JURISDICTION**

1. This court has jurisdiction over the subject matter of this complaint under 42 U.S.C. §1983.

**PARTIES**

2. Plaintiff Melinda Beech brings an action for the above-mentioned federal causes of action against the following defendants.

3. Defendant Stockton Police officers Kirsten McClure, Joshua Dejong and Christopher Pulliam were at all times relevant to this complaint employed as law enforcement officers who engaged in the acts leading to the Plaintiff's injuries. Each defendant officer is being sued in thier individual capacity. At all times relevant to this complaint, all defendants acted under color of state law and will hereinafter be referred to as "defendants".

4. Defendant San Joaquin County is a municipality in the State of California which employs the defendant DOE sheriffs deputy.

5. Defendant DOE deputy was at all times relevant to this complaint employed as a sheriffs deputy by the San Joaquin County, who engaged in the acts leading to the Plaintiff's injuries while she was in custody. This DOE deputy is also being sued in his/her individual capacity. At all times relevant to this complaint, all defendants acted under color of state law and will hereinafter be referred to as "defendants".

AMENDED COMPLAINT FOR DAMAGES- 2

## II.

## STATEMENT OF FACTS

6. On July 27, 2013, the Plaintiff attended a birthday party at a friend's house when a brief altercation took place between the Plaintiff and the owners of the house in which the Plaintiff was asked to leave.

7. As the Plaintiff was leaving the house party, two officers Joshua Dejong and Christopher Pulliam of the Stockton Police Department arrived. The two male police officers calmed the Plaintiff down and the Plaintiff proceeded to explain to them what occurred inside the house.

8. During that time, a female Defendant officer Kirsten McClure, came on the scene. This officer appeared to be agitated and aggressive in her demeanor.

9. Officer McClure informed the Plaintiff that the owners of the house were pressing charges against the Plaintiff and ordered the Plaintiff to put her hands behind her back. At that time, the Plaintiff tried to explain to McClure that she had not done anything wrong.

10. Officer McClure then threw the Plaintiff against a police car and proceeded to put handcuffs on the Plaintiff. McClure then slammed Plaintiff down to the asphalt and put her knee in her back as she continued to put the handcuffs on causing Plaintiff's clavicle to be broken in four places . The Plaintiff then began screaming " Stop!Stop! You are hurting me!" At that time, one of the two male officers assisted McClure and bounded the Plaintiff's feet.

11. All of the Defendant officers then proceeded to yank the Plaintiff up by her handcuffs, causing the Plaintiff to experience extreme pain in her shoulder area.

12. All of the Defendant officers then threw the Plaintiff into a police car by her handcuffs and feet. At that moment, there was a piece of metal sticking out of the weather stripping section of the police car, which gouged the Plaintiff's right forearm and right leg. Officers Joshua Dejong and Christopher Pulliam then took the Plaintiff to the San Joaquin County General hospital.

13. While being treated for the gouges in her leg and arm, Plaintiff was made to sit in a chair handcuffed and was in extreme pain. The Plaintiff noticed that her thumb and index finger on her left hand were numb.

14. The Plaintiff was subsequently taken to the San Joaquin County Jail and the Plaintiff was then booked.  After she was searched and her handcuffs were taken off, the Plaintiff could feel that something was wrong with her clavicle bone on the left side and it appeared that there was a clear separation of the bones in that area. The Plaintiff was in severe pain.

15. The Plaintiff then informed the DOE deputy on duty that she was hurting and that there was a clear separation in her clavicle bone.

16. The DOE deputy said, "yes, I do see that and it's swollen."  The Plaintiff then requested to be seen by a nurse for her injury. The DOE deputy told the Plaintiff  " no we are going to be releasing you so, its against the law to give you medical treatment or even aspirin." While waiting to be released, the Plaintiff spent the next 7 hours in severe pain without being seen and or treated by any medical staff.

17. The Plaintiff went home on 07/28/2013 upon her release, and subsequently went to Lodi Memorial Hospital where the medical staff took x-rays of her clavicle and found that the clavicle bone on her left side was broken in four places stemming from the incident on 07/27/2013.

AMENDED COMPLAINT FOR DAMAGES- 4

18. On August 1, 2013, the Plaintiff followed up with her primary physician Dr. Ote. He examined her and sent her for further x-rays. The following day on 08/02/2013, Plaintiff received a call at work from Dr. Ote asking that he meet with Dr. Nazarati, an orthopedic surgeon. Upon the completion of Dr. Nazarati he consulted with a Dr. Ng and Dr. Ng suggested surgery. The Plaintiff then went through a 2-hour surgery on 08/03/2013 where Dr. Ng placed a plate and six screws to hold the clavicle together.

**Plaintiff v. Defendant Stockton Police Officers  (Excessive Force)**

19. The Defendant officers Kirsten McClure, Joshua Dejong and Christopher Pulliam violated the Plaintiff's rights under the Fourth Amendment to the United States Constitution to be free from excessive force when the Defendant officers yanked the Plaintiff up by her handcuffs, causing the Plaintiff's clavicle to be broken in four places and that the use of force in this matter was unreasonable.

20. Further, the Defendant officers violated the Plaintiff's rights under the Fourth Amendment to the United States Constitution to be free from excessive force when all of the officers threw the Plaintiff into a police car by her handcuffs and feet knowing there was a piece of metal sticking out of the weather stripping section of the police car, which gouged the Plaintiff's right forearm and right leg and that the use of force in this matter was unreasonable.

21. That Defendant officer McClure violated the Plaintiff's rights under the Fourth Amendment to the United States Constitution to be free from excessive force when she slammed Plaintiff down to the asphalt and put her knee in her back causing the Plaintiff to suffer injuries and that the use of force in this matter was unreasonable.

AMENDED COMPLAINT FOR DAMAGES- 5

**Plaintiff v. Defendant DOE Sheriff's Deputy  (Denial of Medical Care)**

22.  The Defendants violated the Plaintiff's rights under the Fourteenth Amendment to the United States Constitution to be free from deprivation of "life, liberty, or property, without due process of law when he intentionally denied the Plaintiff medical care for her broken clavicle causing the Plaintiff to suffer severe pain for over several hours and that such a failure to act on behalf of the Plaintiff constituted deliberate indifference in violation of Federal law.

**Plaintiff v. Defendant San Joaquin (Denial of Medical Care)**

23. Plaintiff alleges that San Joaquin County has an inadequate policy in place directing its law enforcement sheriff's deputies to know when to render medical care to pre-trial detainees in its custody.

24. Plaintiff also alleges that this inadequate policy and training by San Joaquin County exposed those who are in compliance with the law to deprivations of their Fourteenth Amendment rights to be free from deprivation of "life, liberty, or property, without due process of law, and that the need for San Joaquin to train its sheriff's deputies in the constitutional requirements of rendering medical care to citizens in their custody, leading to severe bodily and emotional injuries which the plaintiff suffered in the instant case can be said to be "so obvious" that the failure to do so could be properly characterized as deliberate indifference to constitutional rights.

25. Further, plaintiff alleges that San Joaquin County's lack of adequate training and or policies and procedures is so gross that it demonstrates the existence of an informal custom or policy of promoting, tolerating, and ratifying the denial of medical care to citizens in its custody.

26. The Plaintiff also alleges that San Joaquin County's omissions and systemic failures caused the DOE deputy to believe that he/she had unfettered discretion to deny medical care to the Plaintiff and that this improper conduct would not be properly investigated, with the foreseeable result that each defendant DOE deputy would likely cause the deprivation of rights that occurred in this case.

**WHEREFORE**, PLAINTIFF prays for judgment against DEFENDANTS as follows:

1. Compensatory damages as to all defendants;

2. For punitive damages according to proof as to each defendant officer;

3. Reasonable attorneys' fees and costs pursuant to U.S.C. 1988;

4. For such other and further relief as the court deems just and proper

   Plaintiff hereby demands a jury trial.

Dated: August 24, 2016

_____  /s/

Stanley Goff Esq.,
Attorney for Plaintiff Melinda Beech

AMENDED COMPLAINT FOR DAMAGES- 7