UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MELINDA BEECH,

Plaintiff,

v.

SAN JOAQUIN COUNTY, et al.,

Defendants.

No. 2:15-cv-00268-TLN-CKD

**ORDER**

This matter is before the Court pursuant to Defendants Kirsten McClure, Joshua DeJong, and Christopher Pulliam's ("Officer Defendants") Motion to Dismiss. (ECF No. 23.) Plaintiff Melinda Beech ("Plaintiff") opposes the motion. (ECF No. 24.) Defendant County of San Joaquin filed a statement of non-opposition. (ECF No. 25.) The Court has carefully considered the arguments raised by the parties. For the reasons set forth below, Officer Defendants' Motion to Dismiss is DENIED.

I. **INTRODUCTION AND BACKGROUND**

As relevant to the instant motion, this civil rights case arises out of Plaintiff's allegation that three police officers used excessive force on her during a July 27, 2013, incident. (Am. Compl., ECF No. 20 at ¶¶ 6–14.) Plaintiff's original complaint describes three "Defendant Doe officers of the Stockton Police Department." (Compl., ECF No. 1 at ¶¶ 7–15.) Plaintiff filed her motion for leave to amend her complaint on October 18, 2015. (ECF No. 14.) That motion

1

attached her proposed amended complaint as an exhibit. (ECF No. 14-1.) The purpose of that amendment was to substitute Officer Defendants in their individual capacities for the "three DOE defendants." (ECF No. 14 at 1.) The Court granted her leave on August 22, 2016. (ECF No. 19.) Plaintiff filed her Amended Complaint on August 24, 2016. (ECF No. 20.)

The Amended Complaint contains a single claim against Officer Defendants — excessive force in violation of the Fourth Amendment pursuant to 42 U.S.C. § 1983. (ECF No. 20 at ¶¶ 19–21.) Officer Defendants have moved to have that claim dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure arguing it is barred by the statute of limitations. (ECF Nos. 23 & 23-1.)

## II. STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits motions to dismiss for "failure to state a claim upon which relief can be granted." A Rule 12(b)(6) motion tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To survive a Rule 12(b)(6) motion, the complaint must contain plausible factual allegations that (taken as true) show that the plaintiff is entitled to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–58 (2007). Where it is apparent on the face of the complaint that the limitations period has run, the defendant may raise a statute of limitations defense in a Rule 12(b)(6) motion. *Von Saher v. Norton Simon Museum of Art*, 592 F.3d 954, 969 (9th Cir. 2010).

## III. ANALYSIS

The parties agree that the statute of limitations "had not yet run" when Plaintiff filed her motion for leave to amend her complaint, attaching her proposed amended complaint. (*See* ECF No. 23-1 at 6; ECF No. 24 at 5.) Likewise, the parties agree that the statute of limitations "would . . . run until . . . December 26, 2015," before this Court granted that motion. (*See* ECF No. 23-1 at 6; ECF No. 24 at 5.) Plaintiff argues her claim against Officer Defendants is not time-barred because she filed her motion for leave to amend prior to the expiration of the statute of limitations. (*See* ECF No. 24 at 6.) Officer Defendants contend there is no authority for this proposition. (*See* ECF No. 26 at 2.) Rather, Officer Defendants argue the Court should analyze whether Plaintiff's Amended Complaint relates back to the filing of her original complaint under

Rule 15 of the Federal Rules of Civil Procedure. (ECF No. 23-1 at 7–9.) For the reasons set forth below, the Court concludes that Plaintiff must prevail and that the Court need not analyze Officer Defendants' relation back arguments.

"The Reconstruction Civil Rights Acts do not contain a specific statute of limitations governing § 1983 actions[.]" *Wilson v. Garcia*, 471 U.S. 261, 266 (1985). Rather, "federal law looks to the law of the State in which the cause of action arose . . . . for the length of the statute of limitations" for a § 1983 claim. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). This borrowing from state law extends beyond the length of the limitation period to "closely related questions of tolling." *Sain v. City of Bend*, 309 F.3d 1134, 1138 (9th Cir. 2002) (quoting *Wilson*, 471 U.S. at 269). However, the "phrase 'closely related questions of tolling' is not to be given a broad reading[.]" *Id*. (quoting *Wilson*, 471 U.S. at 269). *Sain* "decided that rules governing the *commencement of an action* are not 'closely related' tolling rules and should not be borrowed." *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1292 (9th Cir. 2006) (emphasis retained). The *S.J.* panel explained this was "clear from [*Sain's*] citation to four other circuit opinions addressing 'the specific issue before us,' none of which involved the computation of time but all of which involved determining the commencement of an action for purposes of tolling the borrowed state statute of limitations." *Id*. (internal citation omitted). One of those cases cited with approval, *Moore v. State of Indiana*, 999 F.2d 1125 (7th Cir. 1993), dealt with the circumstances governing "whether a plaintiff may amend his complaint to add new defendants after the statute of limitations has run[.]" *Id*. at 1292–93. *Moore* provides as follows:

> As a party has no control over when a court renders its decision regarding the proposed amended complaint, the submission of a motion for leave to amend, properly accompanied by the proposed amended complaint that provides notice of the substance of those amendments, tolls the statute of limitations, even though technically the amended complaint will not be filed until the court rules on the motion.

*Moore*, 999 F.2d at 1131.

Having carefully reviewed *Moore* and the Eighth Circuit's opinion in *Mayes* upon which it relies, the Court is persuaded these cases correctly state the rule that should be applied in this case. *Mayes v. AT & T Info. Sys., Inc.*, 867 F.2d 1172, 1173 (8th Cir. 1989) ("A number of courts

3

have addressed the situation where the petition for leave to amend the complaint has been filed prior to expiration of the statute of limitations, while the entry of the court order and the filing of the amended complaint have occurred after the limitations period has expired. In such cases, the amended complaint is deemed filed within the limitations period.") (collecting cases); *see also Hardesty v. Sacramento Metro. Air Quality Mgmt. Dist.*, 935 F. Supp. 2d 968, 980 (E.D. Cal. 2013) (noting "the absence of Ninth Circuit guidance on the question" and "find[ing] *Mayes* persuasive" with respect to a § 1983 claim). Consequently, the Court concludes the instant action was commenced with respect to Officer Defendants before the running of the statute of limitations.

## IV. CONCLUSION

For the reasons set forth above, Officer Defendants' Motion to Dismiss is DENIED.

IT IS SO ORDERED.

Dated: November 7, 2017

Troy L. Nunley
United States District Judge