| | |
|---|---|
| MELINDA BEECH,<br><br>Plaintiff,<br><br>v.<br><br>SAN JUAQUIN COUNTY, *et al.*,<br><br>Defendants. | No. 2:15-cv-00268-TLN-CKD<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO AMEND** |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

This matter is before the Court on Plaintiff Melinda Beech's ("Plaintiff") Motion to Amend. (ECF No. 41.) Defendants San Juaquin County, Kirsten McClure, Joshua Dejong, and Christopher Pulliam (collectively, "Defendants") oppose the motion. (ECF No. 45.) Plaintiff has replied. (ECF No. 46.) For the reasons discussed below, the Court DENIES Plaintiff's motion without prejudice.

///
///
///
///
///
///

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges excessive force by three Stockton police officers during an arrest and failure to treat some of her injuries. (ECF No. 20 ¶¶ 10–13.) Plaintiff allege she suffered four breaks to her clavicle bone during the arrest, she reported the injuries to staff at the San Juaquin County Jail, but they were not treated until after she was released. (ECF No. 20 ¶¶ 14–17.) Plaintiff also alleges she suffered gouges in her leg and arm from a piece of metal sticking out of the police car, but that these were treated at the time. (ECF No. 20 ¶¶ 12–13.) Plaintiff sued San Juaquin County and captioned the case to include unnamed "DOE" defendants. (ECF No. 1 at 1.)

Plaintiff moved to amend, stating she learned the identity of the three Stockton Police officers during discovery and moving to add their names to the complaint. (ECF No. 14 at 2.) Defendants filed statements of non-opposition, and the Court granted Plaintiff's motion. (ECF Nos. 15, 16, 19.) The Court later issued a pre-trial scheduling order which provided, in part, that no joinder of parties or amendments would be permitted without leave of court for good cause. (ECF No. 35 ¶ II.) Plaintiff objected, arguing she had not been allowed an opportunity to learn the identity of the jail deputy to name as a defendant. (ECF No. 36 at 1–2.) The Court denied Plaintiff's motion, stated federal courts do not recognize DOE defendants, explained Plaintiff must move to amend under Federal Rule of Civil Procedure 15 for good cause, and added this protects non-parties who had no awareness of a case pending for over three years. (ECF No. 37.)

Plaintiff now moves to amend her complaint to add several defendants that plaintiff states she has just identified through recently provided disclosures. (ECF No. 41 at 1–2.) Defendants argue Plaintiff failed to move to modify the pre-trial scheduling order and to address substantive issues to which Defendants, therefore, have not been able to respond. (ECF No 45 at 2.)

## II. STANDARD OF LAW

Granting or denying leave to amend a complaint rests in the sound discretion of the trial court. *Swanson v. United States Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996). When the Court issues a pretrial scheduling order that establishes a timetable to amend the complaint, Federal Rule of Civil Procedure ("FRCP") 16 governs any amendments to the complaint. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). To allow for amendment under FRCP 16,

a plaintiff must show good cause for not having amended the complaint before the time specified in the pretrial scheduling order. *Id.* The good cause standard primarily considers the diligence of the party seeking the amendment. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.* The focus of the inquiry is on the reasons why the moving party seeks to modify the complaint. *Id.* If the moving party was not diligent then good cause cannot be shown and the inquiry should end. *Id.*

Even if the good cause standard is met under FRCP 16(b), the Court has the discretion to refuse the amendment if it finds reasons to deny leave to amend under FRCP 15(a). *Johnson*, 975 F.2d at 610. Under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave," and the "court should freely give leave when justice so requires." The Ninth Circuit has considered five factors in determining whether leave to amend should be given: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *In re Western States Wholesale Natural Gas Antitrust Litigation*, 715 F.3d 716, 738 (9th Cir. 2013) (citing *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990)). "[T]he consideration of prejudice to the opposing party carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

### III. ANALYSIS

Plaintiff now moves to amend to "substitute" six named San Juaquin Sheriff's Office employees for "DOE defendants," stating that Plaintiff just learned the identity of the individuals from initial disclosures Plaintiff received three days earlier. (ECF No. 41 at 1–2.) Defendants note Plaintiff moved without seeking to modify the pre-trial scheduling order, argue Plaintiff failed to address any matters required to show good cause in her five-sentence motion, and state Defendants, therefore, have not had the opportunity to address the substance of these issues. (ECF No. 45 at 2.) Plaintiff replies in several pages and discusses Federal Rules of Civil Procedure 15 and 16 and relevant case law, and addresses factors including good cause, diligence, prejudice, undue delay, and bad faith. (ECF No. 46 at 3–10.)

3

Federal Rule of Civil Procedure ("FRCP") 16 governs amendment to a complaint once a court has issued a pre-trial scheduling order, and the plaintiff must show good cause for that modification. FRCP 16, *Coleman*, 232 F.3d at 1294; *Johnson*, 975 F.2d at 609. Further, under FRCP 15, the moving party requires consent of the opposing party or leave of the court to amend. FRCP 15(a)(2). While the court should freely give leave when justice requires, the court may deny leave if it finds reason to do so under FRCP 15(a). *Johnson*, 975 F.2d at 610. The Ninth Circuit identified five factors to consider in determining whether to grant leave. *In re Western States Wholesale Natural Gas Antitrust Litigation*, 715 F.3d at 738. "The district court need not consider arguments raised for the first time in a reply brief." *Zamani*, 491 F.3d at 997.

Plaintiff does not address FRCP 16 in her motion. (ECF No. 41 at 1–2.) Her discussion of FRCP 15 is limited to quoting the portion of the rule that states leave should "be freely given" and stating she only recently learned the identity of the proposed defendants so "in the interest of justice" she should be allowed to add the individuals. (ECF No. 41 at 2.) In her motion, Plaintiff does not discuss any of the five factors courts must consider. (ECF No. 41 at 1–2.) Plaintiff discusses both the rules and factors in her reply, (ECF No. 46 at 3–10), but Defendants did not have the opportunity to respond to those arguments, and the Court does not have the benefit of full briefing on these issues. Accordingly, the Court denies Plaintiff's motion without prejudice.

### IV. CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's Motion to Amend, (ECF No. 41), without prejudice.

IT IS SO ORDERED.

Dated: June 25, 2018

Troy L. Nunley
United States District Judge

4