UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELINDA BEECH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SAN JOAQUIN COUNTY, et al.,<br><br>　　　　　Defendants. | No. 2:15-cv-00268-TLN-CKD<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND** |

This matter is before the Court pursuant to Plaintiff Melinda Beech's ("Plaintiff") renewed Motion for Leave to Amend her Complaint. (ECF No. 49.) The Court previously denied without prejudice Plaintiff's Motion for Leave to Amend (ECF No. 41), on the ground that Federal Rule of Civil Procedure ("Rule") 16, which governs amendment to a complaint once a court has issued a pretrial scheduling order, was not addressed in Plaintiff's motion. (ECF No. 48.) Defendant San Joaquin County ("County") filed an Opposition to the present Motion for Leave to Amend (ECF No. 50), and Plaintiff replied (ECF No. 51). For the reasons discussed below, the Court DENIES Plaintiff's motion without prejudice.

///

///

///

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges she sustained injuries as a result of the excessive force of three Stockton police officers during an arrest, and further alleges Defendants failed to thereafter treat some of her claimed injuries. (ECF No. 49 ¶¶ 11–14.) Plaintiff alleges she suffered four breaks to her clavicle bone during the arrest and that she reported the injuries to staff at the San Joaquin County Jail, but she was not treated until after she was released. (*Id.* at ¶¶ 15–20.) More specifically, she alleges she spoke to one Sheriff's deputy about her broken clavicle, and that the deputy acknowledged the injury but denied her treatment. (*Id.*) Plaintiff also alleges she suffered gouges in her leg and arm from a piece of metal sticking out of the police car, but that these injuries were properly treated at the time. (ECF No. 20 ¶¶ 12–13.) Plaintiff filed the present lawsuit initially against the County, the City of Stockton ("City"), and unnamed "Doe" defendants 1–50. (ECF No. 1 at 1.)

On October 18, 2015, Plaintiff moved to amend her Complaint to add the names of three Stockton Police officers, stating she learned the identity of the officers during the course of discovery. (ECF No. 14 at 2.) The County and then-defendant City[1] filed statements of non-opposition, and the Court granted Plaintiff's motion. (ECF Nos. 15, 16, 19.)

The Court later issued a pretrial scheduling order which provided in part that no joinder of parties or amendments to pleadings would be permitted without leave of court for good cause. (ECF No. 35 at 1.) Plaintiff objected, arguing she had not been allowed an opportunity to learn the identity of the San Joaquin Sheriff's deputy who allegedly denied her medical care in violation of her constitutional rights. (ECF No. 36 at 1–2.) The Court overruled Plaintiff's objection, noting that federal courts do not recognize Doe defendants and explaining that Plaintiff must move to amend for good cause if and when she learned the deputy's identity. (ECF No. 37.) The Court added that this procedure protects non-parties who had no awareness of a case that had then been pending for over three years. (*Id.*)

///

---

[1] The City was dismissed as a defendant and effectively replaced by the specific City police officers, leaving as Defendants San Joaquin County, three named individuals from Stockton Police Department, and unnamed Does.

2

Plaintiff thereafter moved to amend her Complaint under Rule 15 to substitute several San Joaquin County Sheriff's Office employees for the previously unnamed Doe defendants. (ECF No. 41.) Plaintiff stated she had just identified the employees through recently provided disclosures. (*Id.* at 1–2.) The Court denied Plaintiff's Motion to Amend without prejudice on the basis that Plaintiff did not address Rule 16 in her motion. (ECF No. 48 at 4.) Since the Court had issued a pretrial scheduling order, Rule 16 governed amendment to the Complaint. (*Id.* at 4.)

By way of the present motion, Plaintiff again seeks to amend her Complaint to add as defendants seven San Joaquin County Sheriff's Office employees. Specifically, Plaintiff asserts that she now knows the identity of the seven officers present when she was denied medical care. She therefore seeks to add these named individuals and to allege that "all of the San Joaquin Sheriff's Office Employees who are named as defendants were present and aware of the Plaintiff's injury" and that these same Sheriff's Office employees were "present and aware" of one officer's "statement made to the Plaintiff, regarding her injury."[2] (ECF No. 49-1 at 4.) Plaintiff still does not know, however, which of the seven officers actually spoke to her. Additionally, while the allegations against the single speaking officer (as a Doe defendant) are present in Plaintiff's operative First Amended Complaint, the "present and aware" allegations are wholly new to the proposed Second Amended Complaint.

## II. STANDARD OF LAW

Granting or denying leave to amend a complaint rests in the sound discretion of the trial court. *Swanson v. United States Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996). When a court issues a pretrial scheduling order that establishes a timetable to amend the complaint, Rule 16 governs any amendments to the complaint. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). To allow for amendment under Rule 16, a plaintiff must show good cause for not having amended the complaint before the time specified in the pretrial scheduling order. *Id.* The

---

[2] Plaintiff asserts in her original Complaint and in the present motion that one Doe Sheriff's deputy intentionally denied Plaintiff medical care for her broken clavicle. (ECF No. 20 at 6.) Specifically, Plaintiff asserts she had informed the Doe deputy on duty that she was hurting and that there was a clear separation in her clavicle bone. (*Id.* at 4.) To this, the deputy responded, "yes, I do see that and it's swollen." (*Id.*) Plaintiff then requested to be seen by a nurse for her injury. (*Id.*) The deputy responded, "no we are going to be releasing you so it is against the law to give you medical treatment or even aspirin." (*Id.*) The proposed Second Amended Complaint newly alleges the presence and awareness of six additional Sheriff's Office employees. (ECF No. 49-1.)

good cause standard primarily considers the diligence of the party seeking the amendment. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.* The focus of the inquiry is on the reasons why the moving party seeks to modify the complaint. *Id.* If the moving party was not diligent, then good cause cannot be shown and the inquiry should end. *Id.*

Even if the good cause standard is met under Rule 16(b), the Court has the discretion to deny amendment under Rule 15(a). *Johnson*, 975 F.2d at 610. Under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave," and the "court should freely give leave when justice so requires." The Ninth Circuit has considered five factors in determining whether leave to amend should be given: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (citing *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990)). "[T]he consideration of prejudice to the opposing party carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

### III. ANALYSIS

Because the proposed "present and aware" claims against the six San Joaquin County Sheriff's Office employees are new and different from the claim asserted against the single Sheriff's deputy who allegedly made statements to Plaintiff denying her medical care, the Court will address these two issues separately.

#### A. Leave to Amend to Add New Allegations Against Seven San Joaquin County Sheriff's Office Employees

Plaintiff seeks to add allegations concerning the presence and awareness of seven Sheriff's Office employees to her claims of injuries and denial of medical care. (ECF No. 49-1.) For the reasons stated below, the Court finds Plaintiff has not shown good cause under Rule 16(b) to warrant amendment. Further, the Court finds amendment would be prejudicial to the opposing party under Rule 15(a).

4

i. "Good Cause" Under Rule 16(b)

Plaintiff asserts she has demonstrated "good cause" to warrant modification of the pretrial scheduling order under Rule 16(b), and by extension, leave to amend the pleadings. (ECF No. 49 at 3; ECF No. 51 at 3). Plaintiff argues that a change in circumstances or newly discovered facts suffices as a basis for finding "good cause." (ECF No. 49 at 3.) More specifically, Plaintiff asserts she was diligent in moving to amend because she "met and conferred several times with counsel for San Joaquin County several weeks before the Court issued the current scheduling order to ascertain the identities of the deputy DOE defendants . . . ." (*Id.* at 4.) Plaintiff also states that circumstances beyond her control and anticipation prevented compliance with the scheduling order. By this, Plaintiff refers to the fact that the County did not provide its initial disclosures identifying the deputies until March 30, 2018, which is after the Court issued the scheduling order. (*Id.* at 5.) Plaintiff sought leave to amend "immediately," "once the Plaintiff was furnished with the identities of the deputies." (*Id.* at 6.)

The Court finds that Plaintiff was reasonably diligent in her efforts to ascertain the identity of the deputy who had explicitly stated to Plaintiff that she would be denied medical attention. But Plaintiff seeks more than the simple addition of a single named defendant. Rather, Plaintiff also seeks leave to amend the Complaint to assert wholly new claims against six additional deputies who were allegedly "present and aware of Plaintiff's injury," "present and aware of the correctional officer's statement to the Plaintiff, regarding her injury," and "present and aware of" the fact that Plaintiff waited seven hours to be released "in severe pain without being seen and or treated by any medical staff." (ECF No. 49-1 at 4.)

Plaintiff has not provided any reason why the allegations against the six additional deputies could not have been raised in the original Complaint, or even in the First Amended Complaint. As provided above, under Rule 16, if Plaintiff was not diligent, then good cause cannot be shown, and the Court's inquiry should end. Because the proposed amendment here seeks to add six deputies and introduce wholly new allegations against them, with no explanation of why those allegations have been absent from every previous iteration of the complaint, the

///

5

Court finds Plaintiff has failed to meet the diligence standard required to show "good cause" for such an addition. Accordingly, the Court DENIES Plaintiff's motion.

### ii. Prejudice to opposing party under Rule 15(a)

Even if Plaintiff had shown good cause under Rule 16(b), the Court has the discretion to refuse amendment if it finds reasons to deny leave to amend under Rule 15(a). *Johnson*, 975 F.2d at 610. Here too, Plaintiff's motion fails on the ground that granting leave to amend would be prejudicial to the opposing party.

"[T]he consideration of prejudice to the opposing party carries the greatest weight" in the determination of a motion for leave to amend. *Eminence Capital*, 316 F.3d at 1052. Plaintiff asserts that "the Defendant will not be unduly prejudiced if the Plaintiff is allowed to amend" because "no discovery has taken place…[no] dispositive motions have been filed, no pretrial conference has taken place, and no trial date has been set." (ECF No. 49 at 8.) But Plaintiff is seeking to add seven new defendants and to assert new allegations that six of these defendants were "present and aware" of the alleged underlying constitutional violation. (ECF 49-1 at 4.) Such an addition would absolutely prejudice the six proposed defendants who are likely unaware of this litigation. In overruling Plaintiff's objections to the current scheduling order, the Court expressed its interest in protecting "non-parties who have no awareness that this case is pending from being brought into a matter already before the Court for over three years." (ECF No. 37.) Plaintiff's proposed amendment would do just that.

Plaintiff contends in her reply brief that the newly added defendants received notice of the pending action because the County was named at the onset of this case. (ECF No. 51 at 10.) She also argues these proposed defendants knew or should have known that they would have been named, but for a mistake concerning their identity, because they partook in the mistreatment of Plaintiff while she was in their custody.[3] (*Id.*) The Court, however, is not convinced that sufficient notice has been given to the proposed new defendants, since the incident occurred over six years ago, in July 2013, and the original case was filed over four years ago, in January 2015. Again, even if their identities were unknown, Plaintiff has not provided any reason why her

---

[3] Plaintiff makes this argument in the context of a "relation back" analysis under Rule 15(c)(1)(C).

allegations concerning the presence of six additional deputies could not have been raised in the original Complaint, or in the First Amended Complaint. Indeed, the fact that Plaintiff included allegations against one unidentified speaking officer as a Doe defendant cuts against any argument of due diligence with respect to these six additional unidentified deputies. In short, it is too late in the game for Plaintiff to assert new facts and new theories of recovery against new defendants, and so Plaintiff's motion is DENIED on this additional ground.

### B. *Leave to Amend to Add Named Defendant for Previously Unknown Doe Deputy*

The Court separately considers Plaintiff's request concerning the addition of the one officer with whom Plaintiff spoke, because her allegations with respect to that single defendant are not wholly new. Rather, Plaintiff asserted the same factual allegations against a Doe defendant in her previous complaints. As the Court has previously noted, "Federal Courts are bound by the Federal Rules of Civil Procedure, which do not recognize DOE defendants as placeholders for other defendants . . . ." But however disfavored Doe defendants may be in the Ninth Circuit, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *Velasquez v. Senko*, 643 F. Supp. 1172, 1180 (N.D. Cal. 1986), situations can arise where the identity of alleged defendants will not be known prior to the filing of a complaint. *Gillespie*, 629 F.2d at 642. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds. *Id.* (*citing Gordon v. Leeke*, 574 F.2d 1147, 1152 (4th Cir. 1978), *cert. denied*, 439 U.S. 970 (1978)); *see Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430–431 n. 24 (9th Cir. 1977); *see also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n. 13 (1978).

Here, however, Plaintiff does not truly seek to substitute a single named officer for a Doe defendant — if she were, the outcome may be different. Rather, Plaintiff still has not identified who the single speaking officer is. Instead, she seeks to add all seven newly discovered defendants as a group, with the understanding that one of them spoke to her. Plaintiff has had an opportunity to ascertain the identity of the previously unknown Doe deputy who explicitly made

statements to Plaintiff denying her medical care. Yet, in the proposed Amended Complaint, Plaintiff still does not identify which of the seven newly named defendants is to be substituted for the Doe deputy to whom she referred in her original Complaint. The Court therefore DENIES Plaintiff's present request, but does so without prejudice to Plaintiff again moving to amend her complaint if and when she is able to identify the presently-unknown Doe deputy.

### IV.  CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's Motion to Amend (ECF No. 49) without prejudice.

IT IS SO ORDERED.

Dated: October 28, 2019

Troy L. Nunley
United States District Judge